

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2010

# USA v. Cruz

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4361

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. Cruz" (2010). *2010 Decisions.* Paper 1694.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1694

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4361

UNITED STATES OF AMERICA

v.

DERRICK CRUZ, a/k/a Reyes Benitez,
a/k/a David Cruz, a/k/a "Dee",

Derrick Cruz,
                              Appellant.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-95-cr-00204-001)
District Judge:  Hon. William W. Caldwell

Submitted under Third Circuit LAR 34.1 (a)
on July 17, 2009

Before:  RENDELL, FUENTES and ROTH, Circuit Judges

(Opinion filed: March 18, 2010)

O P I N I O N

**ROTH**, Circuit Judge:

Derrick Cruz appeals the District Court order granting his motion for sentence

reduction under 18 U.S.C. § 3582(c)(2) and denying his alternate bases for sentence reduction. Cruz contends the District Court wrongly determined it was prohibited from considering his other arguments for resentencing. We assume the parties' familiarity with the facts and record of prior proceedings, to which we refer only as necessary to explain our decision. For the reasons given below, we will affirm the District Court's order granting Cruz's section 3582(c)(2) motion and denying his other grounds for relief.[1]

In addition to a sentence reduction pursuant to section 3582(c)(2), to which he was entitled, Cruz seeks further reduction on the following grounds: (1) under U.S.S.G. § 4A1.1, his criminal history category should be lowered from IV to III to account for a conviction for attempted murder, the sentence for which he is currently serving; (2) he should not have received a four-point increase for being a leader or organizer of the conspiracy as there was no evidence to support such an increase; (3) his drug quantity should have been set at 27 grams of crack cocaine, yielding a base offense level of 26, because the witness testimony for the higher level should have been rejected as unreliable; (4) he should not have received a two-point increase for possession of firearms; and (5) the jury should not have received instructions allowing them to avoid making a drug-quantity determination in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

---

[1] This Court conducts a plenary review of questions concerning the proper interpretation of the Sentencing Guidelines. *See United States v. Edwards*, 309 F.3d 110, 112 (3d Cir. 2002).

The District Court was correct in determining that under section 3582(c)(2), Cruz was not entitled to *de novo* sentencing.  Section 3582(c)(2) provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(2).  Section 1B1.10(a)(3) is one such applicable policy statement that states, "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."  U.S.S.G. § 1B1.10(a)(3).  Courts, when evaluating a section 3582(c)(2) motion, must consider only the retroactive amendment at issue and "leave all other guideline application decisions unaffected." *Id.* § 1B1.10(b)(1); *see United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002).

As such, the District Court lacked jurisdiction to review Cruz's alternate bases for sentence reduction and properly refused to do so.  Accordingly, we will affirm the District Court's order granting a sentence reduction pursuant to section 3582(c)(2) and leaving all other provisions of the original judgment of May 1, 1996, in effect.